

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIMOTHY SCOTT HARRIMAN, 677187,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | No. 3:10-CV-2393-P |
| | ) | |
| **RICK THALER, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court. The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

## I. Background

Petitioner challenges his conviction for murder. *State of Texas v. Timothy Scott*

*Harriman*, (Crim. Dist. Ct. No. 5, Dallas County, Tex., May 19, 1994). Petitioner was sentenced

to thirty-four years confinement. On October 12, 1995, the Fifth District Court of Appeals

affirmed the conviction and sentence. *Harriman v. State*, No. 05-94-00905-CR (Tex. App. –

Dallas 1995). Petitioner did not file a petition for discretionary review.[1]

On June 3, 2009, Petitioner filed a state application for writ of habeas corpus. *Ex parte*

*Harriman*, Application No. 72,644-02. On September 15, 2010, the Texas Court of Criminal

---

[1]On February 5, 1996, Petitioner filed an untimely motion for extension of time to file a
petition for discretionary review. The Court denied the motion for extension of time.

Appeals denied the application without written order.

On November 16, 2010, Petitioner filed this federal petition. He argues:

(1)    the prosecutor withheld exculpatory evidence;

(2)    his confession was coerced;

(3)    he received ineffective assistance of counsel when counsel:

   (a) failed to perform an adequate investigation;

   (b) failed to retain an expert regarding the cause of death;

   (c) failed to effectively cross-examine witnesses;

   (d) failed to know the applicable law;

(4)    his conviction and sentence were illegal because his confession was not

corroborated and the evidence was insufficient to establish guilt; and

(5)    the state court failed to fully consider Petitioner's claims.

On February 1, 2011, Respondent filed a preliminary response arguing the petition is

time-barred. On February 4, 2011, Petitioner filed a reply. On August 10, 2012, Petitioner filed

an amended petition to include the claim that he is factually innocent. The Court now finds the

petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA

governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA

establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism

and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[2]

On October 12, 1995, the Fifth District Court of Appeals affirmed the conviction and sentence. Petitioner did not file a PDR. His conviction therefore became final thirty days later, on November 11, 1995. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until November 11, 1996, to file his federal petition.

---

[2]The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -3-

Petitioner's limitation-commencing event occurred prior to the enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's April 24, 1996, effective date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, absent any tolling provision, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On June 3, 2009, Petitioner filed a state petition for writ of habeas corpus. This petition did not toll the limitations period, however, because it was filed after the one-year limitations period expired.

Petitioner was required to file his federal petition by April 24, 1997. He did not file his petition until November 16, 2010. The petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues he is entitled to equitable tolling because he is actually innocent, his claims are meritorious, the state court did not reach the merits of all of his claims, he has a newly discovered affidavit from defense counsel admitting that she was ineffective, and his conviction became final before enactment of the AEDPA, so the AEDPA limitations period should not apply to him.

Petitioner's claims that he is actually innocent, or that his claims have merit do not entitle him to equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's pro se status, lack of legal training and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations). Additionally, it appears Petitioner's "newly discovered" evidence is the affidavit his counsel filed on state habeas review. There is no "admission" in this affidavit that counsel was ineffective. Further, Petitioner waited approximately fourteen years to file his first state habeas petition, which resulted in defense counsel filing her affidavit. Petitioner has failed to show he acted with due diligence in pursuing his habeas remedies. *See Coleman,* 184 F.3d at 402 (stating that for equitable tolling to apply, the applicant must diligently pursue habeas corpus relief). Finally, although Petitioner correctly states that his conviction became final prior to enactment of the AEDPA, this only entitles him to tolling from the date of the AEDPA's enactment on April 24, 1996, until one year later, or April 24, 1997. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with

prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 2 day of November, 2012.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).